IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| DORY RITROVATO,<br><br>　　　　　　Plaintiff<br><br>　　vs.<br><br>SUPREME COURT OF MONTANA and<br>CITY OF HELENA, MONTANA,<br><br>　　　　Defendants | Cause No. CV-7-46-H-DWM-RKS<br><br><br>**FINDINGS AND RECOMMENDATIONS** |

　　　　1.  Nature and summary.

　　　　Plaintiff pro se sues the City of Helena and the Supreme Court of the State of Montana alleging deprivation of rights protected under the United States and Montana Constitutions and seeking injunctive and declaratory relief.  The Complaint, summarized, alleges that these rights were denied when, during both a Helena City Court trial involving a traffic citation and then on trial de novo before the District Court of the First Judicial District of Montana, Plaintiff was denied the right to be represented by an individual who was not a licensed attorney. Both Defendants have moved to dismiss.  The motions are well-

SCHEDULING ORDER / PAGE 1

taken and should be granted.  Because this matter is submitted
to the District Court for review of the findings and
recommendations and final decision, the undersigned has
discussed multiple grounds requiring dismissal although the
reasons in paragraph 2 are sufficient of themselves to dispose
of the matter.

  2.  Jurisdiction Status and standard of decision.

  Giving this complaint the liberal construction accorded pro
se litigants, Ericson v. Pardus, 127 S.Ct. 2197, 2200 (2007),
this court might possibly have federal question jurisdiction.
28 U.S.C. § 1331.   In deciding a Rule 12(b)(6) motion to
dismiss a court accepts the material allegations and inferences
drawn from them as true.  Holden v. Hagopian, 978 F2.d 1115,1118
(9th Cir. 1992).  However conclusory allegations and unwarranted
inferences do not defeat dismissal. Ibid.  On the face of this
Complaint it is clear that the issue is moot.  Plaintiff seeks
to enjoin a June 2006 trial.  The matter went through trial in
Helena City Court, trial de novo before the District Court of
the First Judicial District and an appeal to the Montana Supreme
Court resulting in a final judgment. See City of Helena v.
Ritrovato 2007 MT 152N.  Complaint Par. 7 p. 4.  Reimers v.
Oregon. 863 F. 2d 630, 632 (9th Cir. 1988).  There is nothing
left to enjoin.

  The Court lacks jurisdiction over the Montana Supreme
Court.  Mr. Ritrovato seeks ". . . a preliminary and permanent

injunction enjoining defendants and each of them. . .", and ". .
. a judicial declaration the defendants have violated. . .".
Complaint p. 6 pars 1 and 2.   The Eleventh Amendment to the
United States Constitution precludes this court from
entertaining a suit against a State-there are no allegations in
this Complaint that would grant jurisdiction of the Montana
Supreme Court.  Will v. Michigan Department of State Police, 419
U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989.

    3.  Issue Preclusion.

    Both defendants assert, correctly, that the issues alleged
here are precluded by the Montana Supreme Court decision.  City
of Helena v Ritrovato, 2007 MT 152N.  Plaintiff litigated
precisely these questions against the City of Helena's
prosecution.  Both claim preclusion and issue preclusion bar
this suit.  Xu v. McLaughlin Research Institute 2005  MT 209.
119 P. 3d 100, 105-6, 328 Mont. 232.

    4.  Merits.

    If those reasons did not end the matter, Plaintiff's
complaint is facially baseless upon the merits.  A defendant in
Montana does not have a right to be represented by one not
licensed to practice law. Sparks v. Johnson, 826 P. 2d 928, 930
(Mont. 1992).  City of Helena v. Ritrovato, supra, at Par.5.
Montana's Supreme Court has exclusive power to govern
representation in the courts of the State.  Article VII,
Sections (2), (3), Constitution of the State of Montana.  See In

<u>re Senate Bill No. 630</u>, 523 P. 2d 484, 485, In re <u>McCabe</u>, 544 P. 2d 825, 827-8 (Mont. 1976).  The Montana Supreme Court acted within its powers and the Complaint fails to state a claim against it.  Nor is there a federally recognized right to representation by non-lawyers.  <u>United States v. Kelley</u>, 539 F.2d 1199, 1202-03 (9th Cir 1976).  The City of Helena has no voice or choice in determining who may appear in court to represent an accused.  Thus the Complaint can not state a claim against the City of Helena for this additional reason.  The Complaint does not state a claim against the City of Helena on the merits.

DATED this 14th day of April, 2008.


<u>/s/ Keith Strong</u>
Keith Strong
United States Magistrate Judge